## DOWD v. DOWD.

No. 20607. Opinion Filed Oct. 18, 1932.

Roy W. Cox and Peyton E. Brown, for plaintiff in error.

J. E. Curran, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Kay county by defendant in error for divorce, alimony, attorney's fees, and suit money, against the plaintiff in error. The parties will be referred to as they appeared in the trial court.

The plaintiff for grounds of divorce alleged extreme cruelty. The defendant filed answer by way of general denial, and admitted the residence of plaintiff and the marriage, and joined therein cross-petition for divorce against plaintiff on the grounds of extreme cruelty. No answer or reply was filed by plaintiff to the cross-petition.

During the pendency of the case in the lower court an order for temporary alimony at $75 per month, and $200 temporary attorney fees, $10 court costs and $50 suit money was entered, which the defendant in error admitted had been paid up to the trial of the cause.

The trial court rendered judgment giving the plaintiff decree of divorce and $4,-800 alimony, and fixed a lien upon the defendant's real estate to secure the same, and ordered that if same was not paid forthwith the said lien be foreclosed.

Motion for new trial was filed by defendant, overruled, and the defendant brings the cause here for review.

The plaintiff in error presents his assignments of error under two propositions:

(1) The findings and judgment of the trial court are against the clear weight of the evidence.

(2) The award of alimony made by the trial court is excessive, unreasonable, inequitable and unfair.

The plaintiff testified to various quarrels and physical injuries received at the hands of the defendant; and the defendant testified as to these occasions that he was merely endeavoring to hold her or get away from her, and testified as to the acts of plaintiff with reference to cursing, scratching, kicking, and biting the defendant, and as to her jealousy of him.

In the case of Reed v. Reed, 119 Okla. 5, 246 P. 413, in the 1st paragraph of the syllabus, this court said:

"In a divorce case, where the evidence is conflicting and there is sufficient competent evidence to support the findings of the court and the decree based thereon, the same will not be disturbed on appeal."

After a careful examination of the record, we are of the opinion that there is sufficient competent evidence to support the findings of the trial court and the decree based thereon.

The record discloses that the plaintiff had been previously married and had one child of about eight years of age; and that the defendant had been twice previously married.

There is no evidence that the plaintiff brought any property into the marriage, and the evidence further shows that there was no property accumulated during said marriage.

The evidence further discloses that the defendant was the owner of real estate consisting of farm lands and lots of the value of approximately $20,000, and that he owed at the time of the marriage $4,500 against the real estate and $250 debt at the bank. That the property of the defendant had a net yearly income of about $750. That he was a farmer, and also worked for an oil company 12 hours per day during said marriage at $130 per month. That plaintiff and defendant were married on May 12, 1928, and separated February 11, 1929,

and this suit for divorce was filed on February 15, 1929; that they lived together about nine months. That no children were born of said marriage. That plaintiff's health became impaired soon after the marriage, and at the request of defendant plaintiff took treatments. That sometime in September the plaintiff underwent a major operation. That defendant kept help for the plaintiff in performing her household duties.

Evidence by defendant's witnesses, who testified to conversations had with plaintiff, was that plaintiff had stated that her health had become injured by reason of her previous marriage.

The trouble between plaintiff and defendant began in the month of August and continued at intervals until the separation.

That during the married life defendant's indebtedness had increased $1,700, a part of which had been spent for new furniture and remodeling the house, and a part for doctor and hospital bills. That this extra indebtedness did not include living and help expense nor maintenance of the car.

Under the evidence in this case, we are of the opinion that the judgment of $4,800 alimony is excessive, taking into consideration the parties had been married but nine months, and not a dollar's worth of property was accumulated by the joint efforts of husband and wife, but, on the other hand, over $1,700 indebtedness was incurred, out of which doctor and hospital bills of the plaintiff were paid, and that plaintiff brought no property into said marriage; and that the judgment of $4,800 should be modified and reduced to $1,800, which we feel to be a reasonable sum under all the facts and circumtsances adduced in the trial of this cause.

Judgment of decree of divorce affirmed; judgment for alimony modified and reduced to $1,800 and affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.